22927

DEPARTMENT OF SOCIAL SERVICES, Respondent v. Judith HENRY, Oliver Jenkins, Dennis Rowe and Joe Doe, Appellant.
In re Jamilia HENRY, Camilia Henry and Demario Henry.

(374 S. E. (2d) 298)

Supreme Court

*Robert S. Galloway, III* and *Phyllis B. Burkhard* of *Sinkler & Boyd,* Columbia, *for appellants.*

*Asst. Sol. Lynne W. Rogers,* Columbia, *for respondent.*

Heard Oct. 4, 1988.

Decided Nov. 28, 1988.

CHANDLER, Justice:

This is an appeal from a Family Court Order terminating the parental rights of Appellant Judith Henry (Judith) as to three of her children. We affirm.

## FACTS

On September 10, 1985, Judith's twin children, then four months old, were taken into emergency protective custody by Respondent Department of Social Services (DSS) after they were left overnight with an elderly man who could not properly care for them.

Except for one short visit, Judith had no contact with the children for the next eighteen months. Despite numerous attempts, DSS was unable to locate her, as she was in and out of jail for numerous violations of criminal laws.

On January 6, 1987, Judith appeared at the DSS office; however, the next day she failed to keep a scheduled appointment with the caseworker. Two months later, Judith was again in the DSS office. On this occasion, the caseworker established a treatment plan and also set up a visitation schedule. After cancelling two appointments, Judith visited the twins on April 18, 1987.

DSS again lost contact with Judith. On May 21, 1987, she was arrested on a grand larceny charge, immediately following which she went into labor and gave birth to another illegitimate child, Demario. Demario was taken into emergency protective custody at the hospital and Judith was transported to jail.

At the time of the termination hearing, Judith, having been convicted of the grand larceny, was serving a ten year sentence and was ineligible for parole until 1990. Meanwhile, she had made no attempt to carry out DSS's prescribed treatment plan.

Based upon the foregoing, the Family court ordered Judith's parental rights in the three children terminated.

## ISSUE

Did the Family Court err in terminating Judith's parental rights?

## DISCUSSION

As to the twins, the Family Court found that Judith had wilfully failed to rehabilitate, to provide meaningful support, or to visit them. These findings, fully supported in the record, constitute a proper basis for terminating her rights on the grounds contained in S. C. Code Ann. § 20-7-1572(2)-(4) (1985).

Judith's behavior demonstrates a gross disrespect and disregard for both the law and her parental obligations. Her voluntary pursuit of a course of lawlessness resulting in imprisonment, coupled with her flagrant indifference toward the children during intervening periods of freedom, manifests an abandonment of the twins. *Hamby v. Hamby*, 264 S. C. 614, 216 S. E. (2d) 536 (1975).

As to Demario, § 20-7-1572(1) allows termination of parental rights if:

"the child *or another child in the home* has been harmed as defined in § 20-7-490(C), and because of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months." [Emphasis supplied.]

It is clear from the record that Judith's behavior throughout

has been such as to invoke the provisions of this statute. Termination of parental rights was proper.

Accordingly, the Family Court Order is affirmed.

Affirmed.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.